**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

| | |
|---|---|
| BOWLING GREEN-WARREN COUNTY COMMUNITY HOSPITAL CORPORATION; THE MEDICAL CENTER AT CLINTON COUNTY, INC.; THE MEDICAL CENTER AT FRANKLIN, INC.; ARH TUG VALLEY HEALTH SERVICES, INC. f/k/a HIGHLANDS HOSPITAL CORPORATION; BAPTIST HEALTHCARE SYSTEM, INC.; BAPTIST HEALTH MADISONVILLE, INC.; BAPTIST HEALTH RICHMOND, INC.; GRAYSON COUNTY HOSPITAL FOUNDATION, INC.; THE HARRISON MEMORIAL HOSPITAL, INC.; SAINT ELIZABETH MEDICAL CENTER, INC.; ST. CLAIRE MEDICAL CENTER, INC.; and TAYLOR COUNTY HOSPITAL DISTRICT HEALTH FACILITIES CORPORATION, | Case No. 1:19-cv-00148-JHM<br><br>(Removal from Commonwealth of Kentucky, Circuit Court of Warren County, Civil Action No. 19-CI-01146) |
|        Plaintiffs, | |
|    v. | |
| PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICH COMPANY, INC.; RICHARD SACKLER; BEVERLY SACKLER; DAVID SACKLER; ILENE SACKLER LEFCOURT; JONATHAN SACKLER; KATHE SACKLER; MORTIMER D.A. SACKLER; THERESA SACKLER; JOHN STEWART; MARK TIMNEY; CRAIG LANDAU; RUSSELL GASDIA; TESSA F. RIOS; AMY K. THOMPSON; AMNEAL PHARMACEUTICALS, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSE PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; | |

JANSSEN PHARMACEUTICA, INC. n/k/a
JANSSEN PHARMACEUTICALS, INC.;
ABBOTT LABORATORIES; ABBOTT
LABORATORIES, INC.; DEPOMED, INC.;
ENDO HEALTH SOLUTIONS, INC.; ENDO
PHARMACEUTICALS, INC.;
MALLINCKRODT, LLC; MALLINCKRODT
PLC; SPECGX; ALLERGAN PLC f/k/a
ACTAVIS PLS; WATSON
PHARMACEUTICALS, INC.; ACTAVIS
LLC; ACTAVIS PHARMA, INC. f/k/a
WATSON PHARMA. INC.; ANDA, INC.;
H.D. SMITH, LLC f/k/a H.D. SMITH
WHOLESALE DRUG CO.; HENRY
SCHEIN, INC.; AMERISOURCEBERGEN
DRUG CORPORATION; MIAMI-LUKEN,
INC.; RICHIE PHARMACAL CO.;
CARDINAL HEALTH, INC., CVS HEALTH
CORPORATION; CVS PHARMACY, INC.;
CVS INDIANA, L.L.C.; THE KROGER CO.;
KROGER LIMITED PARTNERSHIP II;
RITE AID OF MARYLAND, INC.;
WALGREENS BOOTS ALLIANCE, INC.;
WALGREEN CO., INC.; WALGREEN
EASTERN CO., INC.; WAL-MART INC.;
and WAL-MART STORES EAST, LP,

           Defendants.

## PLAINTIFFS' OPPOSITION
## TO MOVING DEFENDANT'S MOTION TO STAY PROCEEDINGS

Plaintiffs, Bowling Green-Warren County Community Hospital Corporation; The Medical

Center At Clinton County, Inc.; The Medical Center At Franklin, Inc.; ARH Tug Valley Health

Services, Inc. f/k/a Highlands Hospital Corporation; Baptist Healthcare System, Inc.; Baptist

Health Madisonville, Inc.; Baptist Health Richmond, Inc.; Grayson County Hospital Foundation,

Inc.; The Harrison Memorial Hospital, Inc.; Saint Elizabeth Medical Center, Inc.; St. Claire

Medical Center, Inc.; and Taylor County Hospital District Health Facilities Corporation, by and

through undersigned counsel, respectfully submit this response in opposition to Defendant CVS

Pharmacy Inc.'s Motion to Stay Proceedings (the "Motion" or "Mot."). For the reasons stated below, the Motion should be denied.

## I.        INTRODUCTION

This action raises exclusively state law claims. Defendants have removed this action from state court contending that it fits within a narrow sliver of cases in which a state law claim can be said to "necessarily" implicate "substantial" federal issues.[1] Defendants have been systematically removing substantially similar actions on this purported jurisdictional basis, even though every court to address the question has rejected the jurisdictional theory.

On October 23, 2019, Plaintiff filed their Emergency Motion to Remand seeking immediate remand to state court. *See Emergency Motion to Remand*, 1:19-cv-00148, Doc. No. 7 (W.D. Ky. Oct. 23, 2019) ("Emergency Motion"). As discussed in the Emergency Motion, the jurisdictional issue here is not novel or complex, has been decided without exception adversely to the same group of defendants, and should be quickly disposed of. Without responding to the Emergency Motion promptly, Defendant CVS Pharmacy Inc. now seeks to stay all proceedings in this action. But, when the underlying question of federal jurisdiction is not "factually or legally difficult," the better practice is to remand the case immediately, rather than simply pass the buck to another court for another day. Accordingly, the vast majority of district courts addressing competing motions to remand and motions to stay, in analogous circumstances, have denied the motions to stay and instead remanded the cases to state courts.

This Court is able to promptly resolve Plaintiffs' Emergency Motion to Remand. Moreover, the Court has an immediate and ongoing obligation to evaluate its subject matter

---

[1] On October 17, 2019, Defendants removed the action to this Court. *See Notice of Removal*, 1:19-cv-00148, Doc. No. 1 (W.D. Ky. Oct. 17, 2019).

jurisdiction. Bouncing a case from one federal court without jurisdiction to another is the height of inefficiency, and would significantly prejudice Plaintiffs because "to defer ruling now could have the effect of staying the litigation indefinitely." *Illinois Public Risk Fund v. Purdue Pharma L.P.*, 2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (citing *Dunaway v. Purdue Pharma L.P.*, No. 19-cv-00038, 2019 WL 2211670, at *3 (M.D. Tenn. May 22, 2019)).[2]

Defendant's Motion is essentially a repeated attempt to delay any development of Plaintiffs' case. Defendant fails to offer any legitimate reasons why a ruling on the Emergency Motion to Remand should be delayed. Defendant further fails to satisfy the necessary criteria for a stay, under any theory or test. Defendant further fails to show that litigation in state courts poses prejudice to Defendant.[3]

Because the jurisdictional issue here is not novel or complex and has been decided without exception adversely to Defendant, and because judicial efficiency and prejudice considerations further militate in favor of immediate remand, Defendant's Motion to Stay should be denied and Plaintiffs' Emergency Motion to Remand should be resolved promptly for Plaintiffs.

---

[2] The MDL court has issued a moratorium on motions to remand. *See Order Regarding Remands*, 1:17-md-02804-DAP Doc. No. 130 (N.D. Ohio Feb. 16, 2018) (attached as Exhibit1). The MDL Court's indefinite deferral of consideration of remand motions undercuts the rationale of a few number of decisions granting contested motions to stay during the pendency of a motion to remand.

[3] *See Order of Remand and Order of Severance* at 3, *Jefferson County, et al. v. Williams, et al.*, 1:19-op-45371-DAP Doc No. 26, (N.D. Ohio July 24, 2019) (Judge Polster stated that "[a]s the Court has stated on many occasions, one of the major objectives of the MDL is to coordinate state and federal litigation. While there are more than 2000 cases in the Opioid MDL, there are hundreds of similar cases in state courts around the country. Procedures have been put in place so that lawyers in state and federal cases can share documents and depositions.") (attached as Exhibit 2)

## II.    ARGUMENT

### A.    Because the Jurisdictional Issue is Not "Factually or Legally Difficult," and Has Been Repeatedly Decided Adversely to Defendant, This Action Should Not Be Stayed and Instead Should Be Immediately Remanded

In the present scenario, in which Plaintiffs seek remand and Defendant seeks a stay pending possible transfer to an MDL pending in another district, the most prevalent rule of analysis within this Circuit (and nationally) is the three-part test from *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), the leading case on this issue. Under the *Meyers* test, courts should:

(1) Give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.

(2) If the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding.

(3) If the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action.

*Id.* This approach has been broadly accepted by district courts in the Sixth Circuit and nationally. *See, e.g.*, *Tennessee ex rel. Cooper v. McGraw-Hill Companies, Inc.*, 2013 WL 1785512 at *4 (M.D. Tenn. April 25, 2013) (citing *Meyers*, and listing cases adopting *Meyers* test); *Beshear v. Volkswagen Group of America, Inc.*, 2016 WL 3040492 at *1 (E.D. Ky. May 25, 2016) (applying *Meyers* test)[4]; *Curnow v. Stryker Corp.*, 2013 WL 5651439 at *3 (E.D. Mich. Oct. 15, 2013)

---

[4] Defendant relies on *Beshear* for the proposition that a stay is appropriate in MDL proceedings when motion practice concerning MDL transfer is pending before the JPML. *See* Mot. at 5. However, Defendant omits that *Beshear* adopted the *Meyers* test, and ruled that a preliminary assessment of jurisdiction was necessary and if, "upon such assessment, ***jurisdiction is clearly improper, ['] the court should promptly complete its consideration and remand the case to state court*.[']" *Beshear v. Volkswagen Group of America, Inc.*, 2016 WL 3040492 at *2 (quoting *Meyers*, 143 F.Supp.2d at 1049) (emphasis added). Moreover, *Beshear* does not support Defendant's position that courts in this Circuit generally stay cases pending JPML transfer. To the opposite, *Beshear* specifically recognized that "some courts choose to rule on pending motions to remand before the JPML decides to transfer the case, while many other courts decide to issue a stay pending the JPML's decision even when a motion to remand is also pending." *Id.*

(interpreting stay motion under *Meyers* principles). *See also*, *Tucson Medical Center v. Purdue Pharma LP*, 2018 WL 6629659, at *2 (D. Ariz. Dec. 19, 2018) (adopting the *Meyers* test in granting the remand and denying the stay); *Alegre v. Aguayo*, 2007 WL 141891, at *2-3 (N.D. Ill. Jan.17, 2007) (same); *Wagner v. Volkswagen Group of America, Inc.*, 2016 WL 916421, at *2 (S.D. Ala. Mar. 10, 2016) (same); *Clark v. Pfizer Inc.*, 2004 WL 1970138, **2-4 (E.D. Pa. Sept. 7, 2004) (same). Authorities cited by Defendant also applied the *Meyers* test. *See* Mot. at 13.

The reasoning of the U.S. District Court for the Middle District of Tennessee in *Dunaway* is powerful and on point:

> If transferred, this case will join a veritable sea of others in the MDL court. There is no guarantee of when that heavily burdened court would be able to address the important jurisdictional issues raised here. This court, however, is prepared to address those jurisdictional issues now. The prospect of indefinitely postponing a jurisdictional ruling is especially troubling, given that this case involves Tennessee public officials, charged with representing the interests of the citizens of their respective judicial districts, seeking access to the state's courts to assert claims under the state's laws. There is nothing inherently objectionable about a federal court considering state-law claims involving state and local officials, as long as it does so pursuant to its limited constitutional and statutory jurisdiction. If that jurisdiction is lacking, however, the case should be returned to the state courts as soon as reasonably practicable. Otherwise, the federal courts will not only waste the parties' time but impair the state's interest in the administration of justice.

2019 WL 2211670, at *3. Further, "[t]he JPML's consideration of transfer does not deprive the district court of its own inherent authority to rule on the remand motion itself. Therefore, this Court has the power to resolve the instant motions despite the ongoing JPML process." *Beshear v. Volkswagen Group of America, Inc.*, 2016 WL 3040492 at *2 (quoting *Meyers*,143 F.Supp.2d at 1049).[5]

---

(citations omitted). The court in *Beshear* stayed the case only because it found that "jurisdictional issues ['are complex and their resolution is uncertain[']" based on specific facts of the case. *Id.* at *8.

[5] As stated in Manual for Complex Litigation:

Accordingly, the Court's analysis of the propriety of a stay begins and ends with its "preliminary scrutiny" of whether the "jurisdictional issue appears factually or legally difficult." *Meyers*, 143 F. Supp. 2d at 1049. It is neither. As stated above and in the Emergency Motion, the same group of defendants have systematically and repeatedly filed precisely the same "Notice of Removal" alleging "federal question" jurisdiction, and have been systematically and repeatedly rejected by the courts nationwide. Every single time.[6]

---

"Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to remand, raising issues unique to the particular case, ***may be particularly appropriate for resolution before the Panel acts on the motion to transfer***. ***The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions***."

§ 20.131 (4th ed. 2004) (emphasis added).

[6] *See, e.g.*, *Kingman Hosp. Inc. v. Purdue Pharma L.P., et al.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *County of Kern v. Purdue Pharma L.P., et al.*, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P., et al.*, 2019 WL 3207795 (E.D. Va. July 16, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Illinois Public Risk Fund v. Purdue Pharma L.P., et al.*, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of El Monte, et al. v. Purdue Pharma L.P., et al.*, Case No. 2:19-cv-03588-JFW-PLA, Doc. No. 39 (C.D. Cal. June 18, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. Bd. of Arlington Cty. v. Purdue Pharma, L.P., et al.*, No. 1:19-cv-402, ECF No. 63 (E.D. Va. May 6, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Dunaway v. Purdue Pharma, L.P., et al.*, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of Boston, et al. v. Purdue Pharma L.P., et al.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (granting motion to remand, finding no federal question jurisdiction); *Tucson Medical Center v. Purdue Pharma*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *City of Reno v. Purdue Pharma, L.P., et al.*, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) (granting motion to remand, finding

During the course of recent litigation arising from the opioid crisis, a substantial majority of similarly situated courts, facing both motions to remand and contested motions to stay have elected to decide the motion to remand instead of deferring to the MDL Court.[7] Some courts have even raised the jurisdictional issue *sua sponte* and remanded the action before the defendants sought a stay. *See, e.g.*, *City of Granite City, IL v. AmerisourceBergen Drug Corporation et al.*, 2018 WL 3408126, at *1 (S.D. Ill. July 13, 2018) (raising jurisdictional issue *sua sponte* and

---

no federal question jurisdiction existed); *Cty. of Anderson v. Rite Aid of S.C., Inc.*, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Weber County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Uintah County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *New Mexico ex rel. Balderas v. Purdue Pharma, L.P., et al.*, 2018 WL 2942346, (D.N.M. June 12, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Delaware v. Purdue Pharma L.P., et al.*, 2018 WL 1942363 (D. Del. Apr. 25, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2018) (granting motion to remand, finding no federal question jurisdiction existed).

[7] *See e.g. County of Anderson v. Rite Aid of South Carolina, Inc.*, No. 8:18-cv-01947, Doc. 44 (D.S.C. Aug. 20, 2018) (denying motion to stay, granting motion to remand) ; *Weber County, Utah v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089, Doc. 16 (D. Utah July 31, 2018) (denying stay in the action that the court later remanded); *Uintah County, Utah et al. v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00585, Doc. 16 (D. Utah July 31, 2018) (same); *County of Spartanburg v. Rite Aid of South Carolina, Inc.*, No. 7:18-cv-01799, Doc. 32 (D.S.C. July 27, 2018) (denying motion to stay, granting motion to remand) (attached as Exhibit 3); *County of Greenville v. Rite Aid of South Carolina, Inc.*, No. 6:18-cv-1085, Doc. 66 (D.S.C. May 21, 2018) (same) (attached as Exhibit 4) ; *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. CV GLR-18-800, 2018 WL 1963816, at *2–3 (D. Md. Apr. 25, 2018) ("The City contends that the Court should rule on its Motion expeditiously because this case does not belong in federal court and, therefore, should not be transferred to the MDL. The Court agrees with the City."); *County of Van Zandt v. AmerisourceBergen Corporation et al.*, No. 6:18-cv-00064, Doc. 73 (E.D. Tex. Apr. 16, 2018) (same) ; *County of Travis v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00254, Doc. 12 (W.D. Tex. March 28, 2018) (same); *County of Delta v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00095, Doc. 27 (E.D. Tex. March 22, 2018) (same); *County of Dallas v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00426, Doc. 10 (N.D. Tex. March 7, 2018) (same) (attached as Exhibit 5); *Brooke County Commission et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009, Doc. 17 (N.D. W.Va. Feb. 1, 2018) (denying stay in eight West Virginia actions that the court later remanded) (attached as Exhibit 6) ; *New Hampshire v. Purdue Pharma, et al.*, 1:17-cv-00427-PB (D.N.H. Jan. 6, 2018) (denying stay in the action that the court later remanded).

remanding case); *County of Dallas*, Exhibit 5 at 3 (N.D. Tex. Mar. 8, 2018) (raising jurisdictional issue *sua sponte*, remanding case and denying motion to stay). *See also Kingman Hosp. Inc. v. Purdue Pharma L.P., et al.*, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *County of Kern*, 2019 WL 3310668, at *3 (granting remand, denying stay); *Mecklenburg County, Va. v. Purdue Pharma, L.P.*, 2019 WL 3207795, at *7 (E.D. Va. July 16, 2019) (granting remand, denying stay); *Tucson Medical Center*, 2018 WL 6629659, at *4 (granting remand, denying stay); *City of Reno v. Purdue Pharma, L.P.*, 2018 WL 5730158, at *4 (D. Nev. Nov. 2, 2018) (granting remand, denying stay); *County of Anderson v. Rite Aid of South Carolina, Inc.*, 2018 WL 8800188, at **2-3 (D.S.C. Aug. 20, 2018) (same); *City of Worcester v. Purdue Pharma L.P., et al*, No. 4:18-11958-TSH, Doc. 36, at 4 (D. Mass. Nov. 21, 2018) (granting remand, denying stay) (attached at Exhibit 7); *Weber County, Utah v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089, Doc. 16 (D. Utah July 31, 2018) (denying stay in the action that the court later remanded) (attached at Exhibit 8); *Uintah County, Utah et al. v. Purdue Pharma L.P. et al.*, 2:18-cv-00585. Doc. No. 17 (D. Utah July 31, 2018) (same) (attached at Exhibit 9). And, as noted, courts have granted remand and denied the stay in remand cases raising other jurisdictional issues as well. *See* cases cited *supra* at 14, n. 14.

Defendant's Motion includes citations to actions where some courts granted motions to stay. However, as stated above, a substantial majority of similarly situated courts have elected to decide the motion to remand instead of staying the actions. Further, Defendant cites cases that are not particularly helpful to its arguments. A number of Defendant's authorities are not followed by

more recent decisions in their own districts. For example, Defendant cites *County of Alameda*[8] from the Northern District of California in support of a stay. However, subsequently, another California District Court specifically rejected *County of Alameda* in denying a motion to stay and granting a motion to remand for lack of federal jurisdiction. *County of Kern*, 2019 WL 3310668 at *3 (citing *City of El Monte, et al. v. Perdue Pharma L.P., et al*, Case No. 2:19-cv-03588-JFW-PLA (C.D. Cal. June 18, 2019) (remanding for lack of federal jurisdiction) (attached as Exhibit 10)). Similarly, Defendant cites two opinions from federal courts in Virginia from January and February of this year where a stay was granted.[9]  In two subsequent more recent opinions, however, *Mecklenburg County, Va. v. Purdue Pharma, L.P.*, 2019 WL 3207795 (E.D. Va. July 16, 2019) and *Dinwiddie County, Va v. Purdue Pharma, L.P.*, 2019 WL 2518130 (E.D. Va. June 18, 2019), the district court denied the stay and granted the remand.

Defendant also cites a string of eight opioid-related actions that were stayed by a court in New Hampshire, but the "endorsed orders" that stayed the actions were mere one-sentence docket entries, which render these orders inapposite.[10] Similarly, Defendant cites to a number of orders in which no substantive analysis was provided. Such orders cannot support any argument. *See e.g.*

---

[8] *County of Alameda v. Perdue Pharma L.P.*, Case No. 19-cr-02307-JST (N.D. Cal. June 10, 2019). Mot. at 2, 11.

[9] *City of Alexandria v. Purdue Pharma L.P.*, 1:18-cv-01536-TSE-JFA (E.D. Va. Jan. 30 2019); *City of Galax v. Purdue Pharma, L.P.*, No. 7-17-cv-00617-EKD (W.D. Va. Feb. 14, 2019). Mot. at 11.

[10] The eight actions were originally filed in the District of New Hampshire but were referred to the District of Maine for consideration by a Maine judicial officer, sitting by designation, due to the recusal of all active district judges in the District of New Hampshire. On the same day that the actions were referred to Judge Nancy Torresen in the District Court of Maine, an "endorsed order" appeared as one sentence on the docket granting a motion to stay. *See Strafford County v. Purdue Pharma L.P.*, No. 1:19-cv-00325-NT. Doc. Nos. 49,50, Docket Entry of Endorsed Order (D.N.H. June 3, 2019). *See also* Mot. at 3 fn. 1. On September 23, 2019, Judge Nancy Torresen recused herself from opioid-related actions. *See Order Of Recusal*, *City of Portland v. Purdue Pharma, L.P.*, 2:18-cv-00282-NT. Doc. No. 101 (D. Me. Dept. 23, 2019). Thus, the "endorsed orders" cannot support Defendant's argument whatsoever.

*Vill. of Melrose Park v. Purdue Pharma L.P.*, No. 1:18-cv-05288 (N.D. Ill. Aug. 10, 2018), Doc. No. 26 (ruling for a stay through a "minute entry" in which no authority or substantive analysis was provided); *City of Jacksonville v. Purdue Pharma L.P.*, No. 3:18- cv-751-J-32PDB (M.D. Fla., Aug. 22, 2018), Doc. No. 43 (order stating that "Defendants' Joint Motion to Stay Proceedings Pending Likely Transfer to MDL (Doc. 32) is MOOT" with no citations to authorities or any substantive analysis); *Int'l Union of Operating Eng'rs v. Purdue Pharma L.P.*, No. 1:19-cv-00811 (N.D. Ill. Feb. 21, 2019), Doc. No. 20 (docket entry granting a motion to stay with no citations to authorities or any substantive analysis).

In sum, the jurisdictional issue has been systematically raised by the same group of defendants, and repeatedly rejected by the courts nationwide. Whatever the state of law was at one point in time that suggested that the remand decision sufficiently debatable so as to bring the remand issue into the second of the three *Meyers* categories, that time has long passed. *See*, *e.g.*, *Tucson Medical Center*, 2018 WL 6629659, at *2 ("absence of federal jurisdiction is clear"); *Mecklenburg County*, 2019 WL 3207795, at *7 (framing the issue as whether the court should stay where "there is plainly no federal jurisdiction;" concluding stay not warranted since, among other reasons, "there is no basis for federal jurisdiction"); *City of Worcester,* Exhibit 7 at 4 (denying motion to stay and granting remand where "absence of [federal question] jurisdiction is patently obvious" and when there is "clearly no jurisdiction").[11] Defendant's argument to the contrary does not change the fact that there exists no jurisdictional issue that is "factually or legally difficult."

---

[11] In *City of Portland v. Purdue Pharma, LP*, a case cited by Defendant, the court applied the *Meyers* test to a stay request involving federal jurisdiction, but concluded the jurisdiction issue was not "straightforward." 2018 WL 6191127, at *4 (D. Me. Nov. 28, 2018). It may not have been straightforward then; it is now.

Accordingly, this Court "should promptly complete its consideration [of the Emergency Motion] and remand the case to state court." *Beshear v. Volkswagen Group of America, Inc.*, 2016 WL 3040492 at *2 (quoting *Meyers*,143 F.Supp.2d at 1049).

**B.     To the Extent Pertinent to the Court's Analysis, Efficiency and Prejudice Considerations Further Militate in Favor of Immediate Remand**

Efficiency considerations favor resolving the pending Emergency Motion to Remand, which does not present complex questions of law or fact. Denying the stay and granting the remand serve the interest of judicial economy. Because removal is improvident on its face, it would be wasteful to send this case through the MDL, where it does not belong, and where it would be managed jointly with other cases (most of which actually belong) in federal court for an indeterminate amount of time, only then to be transferred *back* to the transferor district *before* being remanded to the state court of origin. It is considerably more efficient to simply remand the case immediately. As one court noted: "[B]ecause this Court does not have subject matter jurisdiction over this case, it has no authority to stay the case and declines to do so." *County of Delta v. Purdue Pharma L.P., et al.*, 2018 WL 1440485, at *5 (E.D. Tex. March 22, 2018); *County of Anderson v. Rite Aid of South Carolina, Inc.*, 2018 WL 8800188, at *3 (D.S.C. Aug. 20, 2018) ("[T]he question of remand is particularly appropriate for this Court to resolve because if this Court lacks jurisdiction, then the MDL court lacks jurisdiction as well."); *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 381 (D. Md. 2011) ("[I]f this Court does not have jurisdiction over this matter, then neither will the MDL court. Accordingly, this Court will consider Plaintiff's Motion to Remand before addressing the Removing Defendants' Motion to Stay.").[12]

---

[12] *Accord, e.g.*, *County of Van Zandt v. AmerisourceBergen Corporation, et al.*, No. 6:18-cv-00064 (E.D. Tex. Apr. 16, 2018) (attached as Exhibit 11); *Cty. of Travis v. Purdue Pharma, LP*, 2018 WL 1518848, at *2 (W.D. Tex. Mar. 28, 2018) (explaining that "if this Court lacks subject-matter

Moreover, the issue is a straightforward one and is teed up for decision. *County of Anderson*, 2018 WL 8800188, at \*3 ("With regard to judicial economy, the Court finds that granting a stay would not promote judicial economy in any meaningful way because it would defer decision on the remand motion to the MDL court, even though virtually identical issues, concerning materially identical parties, have already been briefed, argued, and decided in this District.").[13] This case belongs in state court and will get there. The only question is whether it goes there directly now, or takes a circuitous, expensive, and indefinite detour through Cleveland.

As to hardship to the Defendant, Defendant fails to show any judicially cognizable hardship that might result from denial of their request. Plaintiffs' choice to litigate their state law claims in state court is not *unfairly* prejudicial to Defendant, but simply the consequence of the Defendant committing tortious acts in Kentucky that provide for claims under state law. *See Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1184 (S.D. Ala. 2006) ("[N]o party has a right to remain in federal court when subject matter jurisdiction is plainly lacking.").

Defendant complains about having to litigate in multiple forums, but that is the result of the fact that they are large companies that do business in the various states. In any event, the same group of defendants are already litigating in countless forums. Whatever at one time were the merits of the so-called uniformity argument, on which the Defendant's hardship claim is based,

---

jurisdiction over this action, it has no authority to stay this action," denying stay, and granting remand).

[13] Or, as explained in another opioid-related case, "neither the interests of justice nor judicial economy" would be served by a stay. *Weber County, Utah,* Exhibit 8 at 2. The "parties have expertly framed . . . the jurisdictional issue before the court, and briefing on the Motion to Remand" would soon conclude under that court's expedited schedule. *Id.* Indeed, the resources needed to resolve such a motion do not diminish with a transfer and/or stay. Rather, "[b]ecause jurisdiction must be established, the resources will be expended all the same; the question is strictly one of where will they be expended." *Bocock v. Medventure Tech. Corp.*, 2013 WL 5328309, at \*3 (S.D. Ind. Sept. 20, 2013).

that claim has grown weaker and weaker over time, as more and more cases have been remanded to the state courts where they belong. Notably, the same group of defendants have sought removal on other grounds in addition to federal question, and these have been remanded as well. *See*, *e.g.*, *Staubus v. Purdue Pharma, L.P., et al.*, 2017 WL 4767688, at *8 (E.D. Tenn. Oct. 20, 2017) (granting remand motion where defendants had sought to remove for lack of diversity jurisdiction).[14] The state courts are thus replete with opioid cases, and there is simply no "uniformity" that could possibly be achieved by removal at this point. The decisions of numerous judges who have granted the remand motions and denied the motions for stay have rendered this argument all but moot. At this juncture, therefore, the purported "prejudice" Defendant cites is, at bottom, not the "prejudice" from answering to the Complaint in Kentucky, but having to answer the Complaint at all.

A stay would cause significant prejudice to Plaintiffs. The reality, recognized by the District Court in the *Dunaway* case, is that a transfer would simply cause the case to "join a veritable sea of others in the MDL court," where the likelihood that Plaintiffs would be able to

---

[14]   *See also, e.g.*, Order, *County of Lexington v. Rite Aid of South Carolina, Inc.*, 3:18-cv-02357-BHH, ECF No. 32, at 13 (D.S.C. Oct. 9, 2018) (remand granted, request for stay denied) (attached as Exhibit 12); *County of Spartanburg*, Exhibit 3(same); *County of Greenville*, Exhibit 4 (same); *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, 2018 WL 1963816, at *2–3 (D. Md. Apr. 25, 2018) ("The City contends that the Court should rule on its Motion expeditiously because this case does not belong in federal court and, therefore, should not be transferred to the MDL. The Court agrees with the City."); *Anne Arundel Cnty. Md. v. Purdue Pharma L.P.*, 2018 WL 1963789 at *4-5 (D. Md. April 25, 2018) (remanding and declining to stay); Memorandum Opinion and Order, *County of Van Zandt*, Exhibit11 (granting remand, denying stay); *Cty. of Travis v. Purdue Pharma, LP*, 2018 WL 1518848, at *2 (W.D. Tex. Mar. 28, 2018) (same); *County of Delta v. Purdue Pharma L.P., et al.*, 2018 WL 1440485 (E.D. Tex. March 22, 2018) (same); *County of Dallas*, Exhibit 5 (granting remand, denying stay); *Brooke County Commission, et al.*, Exhibit 6 (denying stay in eight West Virginia actions that the court later remanded). In addition, cases have been remanded when courts have rejected the same group of defendants' contentions that the cases belonged in federal court under the Class Action Fairness Act. *New Hampshire v. Purdue Pharma, et al.*, 2018 WL. 333824 (D.N.H. Jan. 9, 2018); *Town of Randolph v. Purdue Pharma L.P.*, 2019 WL 2394253 (D. Mass. June 6, 2019) (remanding and denying stay).

vindicate their claims in any reasonable time-frame is remote in the extreme. 2019 WL 2211670,

at *3. As the District Judge in *Illinois Public Risk Fund*, clearly explained:

> The Court believes that deferring decision on the motion to remand would risk significant unfairness to the plaintiff. The judge presiding over the MDL has elected not to rule on any motions for remand or permit discovery for a substantial period of time. Thus to defer ruling now could have the effect of staying the litigation indefinitely. *See Dunaway v. Purdue Pharma L.P.*, No. 19-cv-00038, 2019 WL 2211670, at *3 (M.D. Tenn. May 22, 2019) ("There is no guarantee of when that heavily burdened [MDL] court would be able to address the important jurisdictional issues raised here."). And nearly a dozen other district courts across the country in similar cases have roundly rejected arguments virtually identical to those McKesson makes in opposition to remand. McKesson was a defendant in many of those cases. ***The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in order to delay—or altogether avoid— litigating these cases.*** The Court will therefore decide the motion to remand.

2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (emphasis added).

Another court bluntly referenced the reality that if the case were transferred to the MDL, it

would "languish," "with no indication of when questions of remand would ultimately be addressed

en masse as part of the MDL." *County of Anderson*, 2018 WL 8800188, at *3. The District Judge

in *City of Worcester* found that the Plaintiffs would be prejudiced by a stay: "Needlessly causing

delays when there is clearly no jurisdiction would. . . constitute a travesty of justice." *City of*

*Worcester*, Exhibit 7, at 4.

Defendant is wrong to claim that "any stay pending a transfer decision would be short."

Mot. at 10. The real fact is that no one knows. In December 2017, soon after the creation of the

MDL, the MDL Court issued a moratorium on substantive filings, including remand motions. *See*

Exhibit 1. Further, at an early status conference, the MDL Court explained that it would "leave"

any pending remand motions "hanging for a while" as it has "limited time and limited staff," and

"just [did not] want to be tied up on individual remand motions at the moment. *See* Tr. Pgs. 14-

15, 22 (Attached as Exhibit 13). Remand cases have been backing up awaiting decision in the

MDL for close to two years. As one court noted in an analogous case, coincidentally against a drug

15

manufacturer:  "[S]taying this action and allowing transfer, for all intents and purposes, decides the jurisdictional issue against Plaintiff," *Utah v. Eli Lilly & Co*., 509 F. Supp. 2d 1016, 1020 (D. Utah 2007) – at least for some undetermined, lengthy period of time, time the Hospitals and their communities do not have. This would be a particularly unfair result where, as here, "a growing number of federal district courts are finding that subject matter jurisdiction does not exist in a case such as this." *Id*.

## III.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully pray that, pursuant to 28 U.S.C. § 1447(c), this action be promptly remanded to the Circuit Court of Warren County, Kentucky, and that the Defendant's Motion to Stay be Denied.

Dated: November 11, 2019.                          Respectfully Submitted,

*/s/ Kent Wicker*
Kent Wicker (#82926)
Mitchel. T. Denham (#89815)
**DRESSMAN BENZINGER LAVELLE PSC**
321 W. Main Street, #2100
Louisville, KY 40202
(502) 572-2500
kwicker@dbllaw.com
mdenham@dbllaw.com

Richard G. Meyer (#47554)
Matthew Klein (#84695)
Mark D. Guilfoyle (#27625)
Joseph M. Kramer (#97505)
**DRESSMAN BENZINGER LAVELLE PSC**
207 Thomas More Parkway
Crestview Hills, KY 41017
(859) 341-1881
rmeyer@dbllaw.com
mklein@dbllaw.com
mguilfoyle@dbllaw.com
jkramer@dbllaw.com

16

John W. ("Don") Barrett
Sterling Starns
David McMullan, Jr.
Richard Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
Fax: (662) 834-2628

Warren Burns
**BURNS CHAREST, LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Tel: (469) 904-4550
Fax: (469) 444-5002

Korey A. Nelson
Lydia A. Wright
Rick Yelton
**BURNS CHAREST, LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Tel: (504) 799-2845
Fax: (504) 881-1765

Jonathan W. Cuneo
Monica Miller
Mark H. Dubester
David L. Black
Jennifer E. Kelly
Evelyn Li
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202)789-3960

Steve Martino
**TAYLOR MARTINO, P.C.**
51 St. Joseph St.
Mobile, AL 36602
Tel: (251) 433-3131

Gerald M. Abdalla, Jr.
**ABDALLA LAW, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 487-4590

*Attorneys for All Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2019, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated <u>November 11, 2019</u>           <u>/s/ Kent Wicker</u>
                                              Kent Wicker (#82926)
                                            Mitchel. T. Denham (#89815)
                                            **DRESSMAN BENZINGER LAVELLE PSC**
                                            321 W. Main Street, #2100
                                            Louisville, KY 40202
                                            (502) 572-2500
                                            kwicker@dbllaw.com
                                            mdenham@dbllaw.com

842757v1

19